RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/7/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| IAN J. JACKSON & CARL E. JACKSON | DOCKET NO. 14-CV-0408 |
| VERSUS | JUDGE DEE D. DRELL |
| UNITED STATES DEPARTMENT OF JUSTICE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

<u>MEMORANDUM ORDER</u>

Pro se Plaintiffs Ian J. Jackson and Carl E. Jackson filed the instant civil rights complaint pursuant to 28 U.S.C. §1343(a)(1)(2)(3) and (4), and 42 U.S.C. §1985. Plaintiffs, who wish to file as a class action, list approximately eighty-five defendants in the nearly seven hundred page complaint, including the President of the United States, Fifth Circuit judges, District Court judges, clerk's office employees, the Governor and other Louisiana officials, Louisiana Supreme Court justices, appellate court judges, Louisiana Tech University and many of its employees, and numerous local officials from Ruston / Lincoln Parish.

The plaintiffs filed a self-styled motion for leave to proceed in forma pauperis, which was granted on February 21, 2014. [Doc. #4]  Upon further review, it is noted that neither of the plaintiffs submitted an **affidavit that includes a statement of assets** in accordance with 28 U.S.C. §1915(a)(1) and <u>Haynes v. Scott</u>, 116 F.3d 137, 139-40 (5th Cir. 1997) (holding, in part, that ***all petitioners*** seeking pauper status are ***required to file an affidavit complying with section 1915(a)(1).***)

Moreover, the plaintiffs' jointly-filed complaint alleges that the defendants used "racially discriminative methods, practices and procedures" to handle, file, address, resolve, and dismiss various lawsuits and claims filed by Carl Jackson and Ian Jackson:

I.  **Carl Jackson's allegations of racial discrimination involve:**

 (A) his lawsuit, filed in 1986, against Willamette Industries, Inc., alleging discriminatory employment practices, in violation of Title VII of the Civil Rights Act of 1964 (dismissed on summary judgment)(3:86-cv-1264);

 (B) his lawsuit, filed in 1989, against the same defendant alleging retaliatory discharge (dismissed and affirmed on appeal in Carl E. Jackson, 992 F.2d 324 (5th Cir. 1993);

 (C) his lawsuit, filed in 1996, against the Jonesboro Police Department alleging racial discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq., in his termination from employment (dismissed on summary judgment and affirmed on appeal in Jackson v. Town of Jonesboro, et al., 156 F.3d 181 (5th Cir. 1998); cert. denied, Jackson v. Town of Jonesboro, 528 U.S. 830 (1999);

 (D) his lawsuit, filed in 2001, against various defendants for misuse of the legal process, libel, false arrest, and false imprisonment, pursuant to 42 U.S.C. §1985 and Louisiana law (numerous motions to dismiss under Rule 12(b)(6) were granted; the claims against the remaining defendants were dismissed for failure to prosecute) (3:01-cv-2516).

II. **Ian Jackson's allegations of discrimination involve:**

 (A) his lawsuit, filed in 2011, against virtually anyone involved with a 2010 traffic stop and resulting prosecution for the traffic citation, alleging a violation of his civil rights (dismissed against most defendants for failure to state a claim, and the rest for lack of jurisdiction in Jackson v. Louisiana Tech University, 2011 WL 5866010 (W.D.La.), and appeal dismissed for failure to comply with 5th Circuit rules and orders in 5TH Cir. Docket #12-30349).

The claims of Ian Jackson involve an entirely different set of facts from the claims of Carl Jackson.  Carl Jacksons's claims stem from lawsuits that he filed in 1986, 1989, 1996, and 2001, while Ian Jackson's claims stem from a lawsuit he filed years later in 2011 regarding a 2010 traffic stop.  The fact that both Plaintiffs allege racial discrimination does not make them properly joined plaintiffs or claims.  Because of the distinct facts pertaining to each Plaintiff, the joint lawsuit should be severed.

**FOR THE FORGOING REASONS, IT IS ORDERED** that the claims of Carl Jackson be severed from those of Ian Jackson.  **The Clerk is directed** to open a new civil action for Carl Jackson against the defendants, including a copy of the instant complaint in the new action.

**IT IS FURTHER ORDERED** that the Order granting the Plaintiffs' motion to proceed *in forma pauperis* [Doc. #4] in the captioned case is hereby **REVOKED** and **RESCINDED** at this time;

**THE CLERK IS FURTHER DIRECTED** to send each Plaintiff an Application to Proceed In Forma Pauperis (for non-prisoners).  **IT IS ORDERED** that each Plaintiff submit his properly completed IFP application, signed under penalty of perjury, within thirty days of this order.

**Failure to comply with this order may result in the dismissal of this action as frivolous under 28 U.S.C. §1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.**

Plaintiff is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 7th day of March, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE