RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/10/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARL JACKSON | DOCKET NO. 14-CV-516; SEC. P |
| VERSUS | JUDGE DRELL |
| U.S. DEPARTMENT OF JUSTICE, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Carl E. Jackson filed the instant civil rights complaint pursuant to 28 U.S.C. §1343(a)(1)(2)(3) and (4), and 42 U.S.C. §1985. Plaintiff named approximately eighty-five defendants in the nearly seven hundred page complaint, including the President of the United States, Fifth Circuit judges, District Court judges, clerk's office employees, the Governor and other Louisiana officials, Louisiana Supreme Court justices, appellate court judges, Louisiana Tech University and many of its employees, and numerous local officials from Ruston and Lincoln Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Procedural History*

Plaintiff initially filed suit with a co-plaintiff. However, the claims were severed, and Plaintiff was ordered to submit a properly completed Motion for Leave to Proceed In Forma Pauperis (for non-prisoners), signed under penalty of perjury, on or before April 7, 2014. [Doc. #7] To date, no such application or motion

has been filed.

*Law and Analysis*

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). The thirty day deadline given to Plaintiff expired over five months ago, and Plaintiff has still failed to comply with the order of the Court.

Because the Plaintiff has failed to comply with the Court's order, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with FRCP 41(b).

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as

supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of September, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE